1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    J. DOUGLAS WILSON (DCBN 412811)
3   Acting Chief, Criminal Division

4   KIRSTIN M. AULT (CABN 206052)
    Assistant United States Attorney
5
        450 Golden Gate Ave., Box 36055
6       San Francisco, California 94102
        Telephone:  (415) 436-6940
7       Facsimile: (415) 436- 7234
        E-mail: kirstin.ault@usdoj.gov
8
    Attorneys for United States of America
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,          )   No.    CR 10-0642 CRB
                                       )
15          Plaintiff,                 )   UNITED STATES' OPPOSITION TO
                                       )   DEFENDANT'S REQUEST FOR MODIFICATION
16      v.                             )   OF BAIL CONDITIONS
                                       )
17  DINO ANTONIONI,                    )
                                       )
18          Defendant.                 )
    _____    )
19

20              **<u>INTRODUCTION</u>**

21          The United States respectfully objects to the modification of pre-trial release conditions

22  requested by defendant Antonioni.   As the magistrate judge concluded, the defendant's family

23  and financial ties to Venezuela create a risk that the defendant will flee during the course of these

24  proceedings.  The defendant has no property of his own with sufficient equity to secure a bond,

25  nor has he proffered a surety who is willing to post property on his behalf.  Nevertheless, the

26  United States agreed with Pretrial Services' proposal that the defendant's appearance be assured

27  by the signatures of two financial responsible sureties and a person willing to act as custodian,

28  along with the added security of a curfew that restricts the defendant to his home to the 6 hours

1   between 11 p.m. and 5 a.m.  These conditions have only been in place for one month, and a

2   modification of them at this time is not appropriate.

3                                              **BACKGROUND**

4          The defendant initially appeared before the duty magistrate on October 23, 2010.  At that

5   appearance, the United States proffered that the defendant had obtained over $350,000 in drug

6   proceeds from his involvement with Internet pharmacies, has family ties in Venezuela, and

7   appears to have sent money through accounts in Venezuela as part of his involvement in the

8   offense with which he is charged.  The United States expressed its concern that the defendant

9   may have the means to flee to Venezuela, a country from which it would be difficult to extradite

10  him.  Nevertheless, the United States agreed that conditions could be fashioned that would

11  insured the defendant's appearance at all stages of the proceedings, up to and including

12  sentencing.  The United States proposed the following release conditions:

13          **Bond:**        $200,000
        **Surety:**      signature of two responsible parties
14                       real property with equity of at least $100,000
        **Passport:**    surrendered
15          **Travel:**      restricted to the Northern District of California and Southern
                         District of Florida
16

17         At the bond hearing, the defendant asserted that he did not have property with sufficient

18  equity to post, nor were there sureties with sufficient assets to post a security for the bond.  To

19  compensate for the defendant's inability to provide security for the bond, the Court increased the

20  amount of bond originally requested by the United States to $250,000 and required that two

21  financially responsible parties sign the bond as sureties.  In addition, to better track the

22  defendant's whereabouts, the Court ordered that a custodian agree to take responsibility for the

23  defendant and that he abide by a curfew of 11 p.m. to 5 a.m.  These two additional conditions

24  were added to ensure that if the defendant were to attempt to flee the country, the Court would

25  receive notification at the earliest possible opportunity.

26         On October 21, 2010, less than one month after the defendant was released on the

27  conditions related above, Pretrial Services submitted a memorandum suggesting that the curfew

28

be removed from the defendant's terms of release because "Pretrial Services learned the defendant does not have an extensive history of international travel, is currently employed, and surrendered his passport to the Clerk's Office in the Northern District of California as directed." *See* Ex. 1 to Declaration of Kirstin M. Ault (hereinafter "Ault Decl.").  While the defendant may not have an extensive history of international travel, he has a history of financial and familial relationships with Venezuela that create a danger that he may flee to that country.  During the commission of the crimes with which he has been charged, the defendant (using the e-mail account "Yeap Its Me@yahoo.es")  arranged for his business partner Robert Smoley (using the e-mail account "universemedia@gmail.com) to wire payments for drug shipments to an account in the name of Jorge Somogyi in Caracas, Venezuela.  *See* Ex. 2 to Ault Decl.   According to the defendant, Somogyi is his cousin.  *See* Ex.  3 to Ault Decl.  Moreover, the defendant admitted sending money to Somogyi on a consistent basis as a means of transferring money to persons in Venezuela in amounts larger than allowed by Venezuelan law.  *Id*.

## DISCUSSION

The defendant requests a modification of his terms of release because the curfew that requires him to be at home for 6 hours of each night is inconvenient.  The United States does not believe that this is an appropriate reason for removing the curfew that was imposed by the magistrate judge after careful consideration of the risk of flight posed by the defendant's circumstances.  The defendant has only been on pretrial release for one month and has yet to make even a second appearance in this case.  The defendant's lack of recent international travel does not mitigate the fact that he is a citizen of Venezuela with family in that country and financial ties to it.  The curfew was added to the bond as an essential condition of release to compensate for the fact that the defendant was unable to locate any individuals who would post assets as security for his release.  The United States strongly objects to removal of that condition as the remaining conditions of release are insufficient to insure the defendant's presence at all stage of these proceedings including the imposition and service of any sentence that may result.

Because the defendant does not reside in California, the United States anticipates that

1  defense counsel will request that the defendant's appearance be waived for all non-essential

2  proceedings.  If the Court grants this request, long periods of time could elapse between

3  appearances by the defendant in this district.  The curfew provides an essential means of ensuring

4  that the defendant remains in Florida during the entire pendency of these proceedings.

5         The defendant states that the curfew is inconvenient because of his long work hours and

6  the early time at which his daughter must be taken to school.  The curfew as presently set

7  requires the defendant to remain at home for only 6 hours of each night; however, if the hour of 5

8  a.m. is too late to ensure that the defendant's daughter arrives at school on time, the appropriate

9  remedy is to adjust the hour so that the defendant can attend to his family duties.  If the curfew is

10  removed, the remaining conditions of release - an unsecured $250,000 bond - are insufficient to

11  insure that the defendant will appear as required at these proceedings.

12                                    **CONCLUSION**

13         The defendant's request to modify his conditions of release should be denied.  The

14  inconvenience experienced by the defendant because of the curfew does not outweigh the need of

15  the Court to ensure that the defendant, who has the means and ability to flee abroad, remains in

16  the United States for the pendency of these proceedings and reports to serve any sentence that

17  may be imposed as a result of the charges that have been brought.

18  DATED: November 1, 2010                    Respectfully submitted,

19
20                                              MELINDA HAAG
                                                United States Attorney
21
                                                /s/
22
                                               _____
23                                              KIRSTIN M. AULT
                                                Assistant United States Attorney
24
25
26
27
28
Opposition to Modification of Release Terms
CR 10-0642 CRB                    4